**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO.:**

Michael Blitzer Associates, Inc., d/b/a
Blitzer, Clancy & Company,
a New York Corporation,

Plaintiff,

**COMPLAINT AND DEMAND**
**FOR SPECIFIC PERFORMANCE**

v.

eLutions, Inc., a Delaware Corporation,
and Elutions Europe Holdings Limited,
an English Limited Company,

Defendants.
_____/

**COMPLAINT**

Michael Blitzer Associates, Inc., doing business as Blitzer, Clancy & Company

("Blitzer"), by and through its undersigned counsel, and for its Complaint against the

Defendants, eLutions, Inc. ("eLutions") and Elutions Europe Holdings Limited ("eLutions

Europe") (collectively the "Defendants"), hereby states as follows:

**PARTIES**

1.      The Plaintiff, Blitzer, is a merger and acquisition consulting firm

incorporated under the laws of the State of New York with its principal place of business

at 120 East 56th Street, New York, New York 10022.

2.      Defendant, eLutions, Inc., is a Delaware corporation with its principal place

of business at 601 East Twiggs Street, Tampa, Florida 33602.

1

3.     Defendant Elutions Europe Holdings Limited, is a limited company incorporated under the laws of England and Wales.  Upon information and belief, Elutions Europe's principal office is in London, England.

## JURISDICTION AND VENUE

4.     The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.     The Court has personal jurisdiction because the Defendants breached a contract within the State of Florida, regularly conduct business within the State of Florida, and because, pursuant to the contract at issue, dated November 21, 2006, the parties have consented to jurisdiction and venue in this Judicial District.

6.     Pursuant to 28 U.S.C. § 1391, venue is proper in this Judicial District because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District. Additionally, the Defendants have agreed, pursuant to the contract at issue, dated November 21, 2006, that venue in this Judicial District is proper.

7.     All conditions precedent have occurred, been performed or have otherwise been waived.

8.     Blitzer has retained the undersigned law firm to prosecute this action and has agreed to pay the law firm a reasonable fee for its services, plus out of pocket expenses.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9.     Blitzer is a New York merger and acquisition consulting firm that has been doing business for forty (40) years.  Michael Blitzer, the founder of Blitzer, is a mergers

and acquisitions specialist who has advised on deals across the world.

10.     eLutions is a Tampa-based company that creates and distributes business optimization software for companies throughout the world.  eLutions' founder, Chairman, and Chief Executive Officer is William Doucas.  Doucas manages all aspects of eLutions and guides the company's strategic growth.

11.     In 2006, eLutions embarked on an international expansion of its company to Europe.

12.     With the assistance of Blitzer, eLutions created Elutions Europe, originally based in Lyon, France (now organized under the law of England and Wales), with the purpose of using that entity to develop business within Europe and potentially to acquire other optimization software companies.  Upon information and belief, eLutions owns 100% of Elutions Europe's stock (1000 total shares).

13.     In early 2006, Blitzer advised eLutions and Elutions Europe on the acquisition (the "Wizcon Transaction") of Supervisor Holdings, Ltd. ("Supervisor Holdings"), a company based in Israel.  Supervisor Holdings was the parent company of Wizcon Systems ("Wizcon"), an enterprise optimization company with operations in Europe and Israel.  The parties agreed to the terms of a merger on or about May 23, 2006.

14.     Since the completion of the Wizcon Transaction, eLutions and Elutions Europe further expanded into a major global software solutions provider.

15.     On November 21, 2006, eLutions and Elutions Europe entered into an agreement with Blitzer for compensation related to the Wizcon Transaction (the "Agreement").  A true and correct copy of the Agreement is attached as **Exhibit A**.

16.     The Agreement provided that in exchange for Blitzer's services related to the Wizcon Transaction, eLutions would transfer it fifty (50) shares of Elutions Europe stock, which, at the time of the agreement, represented 5% of Elutions Europe's total stock.

17.     The Agreement also gave Blitzer a put option giving him the right to demand that eLutions purchase all of Blitzer's Elutions Europe stock any time after April 1, 2007, upon thirty-days' notice.

18.     The Agreement stated that upon exercise of the put option Blitzer's shares would be valued at the greater of:

(1)     $300,000 plus interest at 8% per annum compounded annually from the "date of Closing"[1]; or

(2)     the book value of the Blitzer shares as determined by the accountant regularly employed by Elutions Europe or, if there is none, an independent certified public accounting firm appointed by eLutions.

19.     Since the execution of the Agreement, eLutions and Elutions Europe have failed to provide Blitzer with share certificates, financial reports, dividends, or any meaningful shareholder communications related to Elutions Europe.  On several occasions, Blitzer attempted to inquire about the status of its shares.  All requests were either ignored or refused.

20.     On or about June 14, 2016, Blitzer informed eLutions and Elutions Europe by letter of its intention to exercise its put option.  A true and correct copy of Blitzer's letter to eLutions is attached as **Exhibit B**.

---

[1] The Agreement appears to be unclear as to the meaning of the "date of Closing."  Blitzer maintains that a reasonable reading of the Agreement puts the date of closing at May 23, 2006, the date of the share purchase agreement between eLutions and ITA Holdings, Inc. memorializing the Wizcon Transaction.

21.     Blitzer's principal, Michael Blitzer, subsequently met with Mr. Doucas in New York in July 2016.  At that meeting, Mr. Doucas confirmed that he owed Blitzer money relating to its work on the Wizcon Transaction and said that he would work it out with Blitzer.  Since that time, the parties have been unable to reach a resolution.

22.     On or about August 16, 2016, Blitzer's counsel wrote eLutions and Elutions Europe requesting Elutions Europe's corporate records so that it could perform its own valuation.  The letter also requested that Elutions Europe provide its own corporate valuation as required under the Agreement.  A true and correct copy of counsel's letter is attached as **Exhibit C**.

23.     To date, neither eLutions nor Elutions Europe has provided any valuation information to Blitzer.

### COUNT I—BREACH OF CONTRACT
### (Against eLutions and Elutions Europe)

24.     Blitzer reincorporates paragraphs 9 through 23 as if stated fully forth herein.

25.     On or about November 21, 2006, eLutions, Elutions Europe, and Blitzer entered into an Agreement, whereby eLutions would transfer 50 shares of Elutions Europe stock (which represented 5% of Elutions Europe's total shares) to Blitzer as compensation for advising on the Wizcon Transaction.

26.     Additionally, eLutions agreed that after April 1, 2007, and upon 30-days-notice from Blitzer, eLutions and Elutions Europe would take the following actions:

- Elutions Europe's regularly employed accountant *or*, if there is none, an independent certified public accounting firm appointed by eLutions would value Blitzer's shares of Elutions Europe Stock; and

- eLutions would purchase Blitzer's shares for *the greater of*: (1)

$300,000 plus 8% interest compounded annually from the date of the Wizcon Transaction's closing; or (2) the book value of Blitzer's Elutions Europe shares as determined by the method above.

27.     eLutions and Elutions Europe had a duty to use good faith and fair dealing in performing its duties under the Agreement.

28.     eLutions and Elutions Europe breached the Agreement by failing to take any of the above-described actions after a proper 30-day demand by Blitzer.  To date, Blitzer has received $0 for its work on the Wizcon Transaction.

29.     eLutions' and Elutions Europe's breach has caused damages to Blitzer in an amount to be determined at trial.

**WHEREFORE**, the Plaintiff, Blitzer, Clancy & Company, respectfully requests that this Court take jurisdiction over this Count I, and enter judgment in its favor for compensatory damages in an amount not less than $670,000, pre-judgment and post-judgment interest, and for such other relief as the Court deems equitable and just.

### COUNT II—UNJUST ENRICHMENT
#### (Against eLutions and Elutions Europe)

30.     Blitzer reincorporates paragraphs 9 through 23 as if stated fully forth herein.

31.     In 2006, Blitzer conferred a benefit on eLutions and Elutions Europe by advising on the Wizcon Transaction, which, upon information and belief, provided eLutions with a platform to grow its business into a very successful global company.

32.     eLutions and Elutions Europe had knowledge of this benefit.

33.     eLutions and Elutions Europe have retained the benefit of Blitzer's services, yet eLutions has refused to issue Blitzer its fifty (50) shares in Elutions Europe, and

eLutions and Elutions Europe have failed to value and repurchase Blitzer's shares as contemplated by the parties.

34.     It would be inequitable for eLutions and Elutions Europe to retain the benefit of Blitzer's services without providing them with compensation in the form of shares or cash.  Further, it would be inequitable to allow eLutions to avoid compensating Blitzer by ignoring its obligation to repurchase Blitzer's shares under the terms contemplated by the parties.

**WHEREFORE**, the Plaintiff, Blitzer, Clancy & Company, respectfully requests that this Court take jurisdiction over this Count II, and enter judgment in its favor for compensatory damages in an amount not less than $670,000, pre-judgment and post-judgment interest, and for such other relief as the Court deems equitable and just.

### COUNT III—SPECIFIC PERFORMANCE
### (Against eLutions and Elutions Europe)

35.     Blitzer reincorporates paragraphs 9 through 23 as if stated fully forth herein.

36.     On or about November 21, 2006, eLutions, Elutions Europe, and Blitzer entered into an Agreement, whereby eLutions would transfer 50 shares of Elutions Europe stock (which represented 5% of Elutions Europe's total shares) to Blitzer as compensation for advising on the Wizcon Transaction.

37.     Additionally, eLutions agreed that after April 1, 2007, and upon 30-days-notice from Blitzer, eLutions and Elutions Europe would take the following actions:

- Elutions Europe's regularly employed accountant *or*, if there is none, an independent certified public accounting firm appointed by eLutions would value Blitzer's shares of Elutions Europe Stock; and

- eLutions would purchase Blitzer's shares for *the greater of*: (1)

7

$300,000 plus 8% interest compounded annually from the date of the Wizcon Transaction's closing; or (2) the book value of Blitzer's Elutions Europe shares as determined by the method above.

38.     eLutions and Elutions Europe had a duty to use good faith and fair dealing in performing its duties under the Agreement.

39.     Blitzer completed its engagement on the Wizcon Transaction in 2006, and, on June 14, 2016, exercised its put option in accordance with the Agreement between the parties.

40.     eLutions and Elutions Europe have refused to provide a valuation of Blitzer's shares in Elutions Europe.

41.     There is no adequate remedy at law for Blitzer because without a valuation of Elutions Europe and Blitzer's shares, Blitzer has no idea how it is to be appropriately compensated under the terms of the Agreement.

42.     In the interest of equity, Blitzer requests that the Court orders an independent public accounting firm mutually agreed upon by the parties to complete a valuation of Elutions Europe.

**WHEREFORE**, the Plaintiff, Blitzer, Clancy & Company, respectfully requests that this Court take jurisdiction over this Count III, and enter judgment in its favor requiring eLutions to engage an independent public accounting firm mutually agreed upon by the parties to complete a valuation of Elutions Europe and all other relief the Court deems equitable and just.

Dated: September 26, 2016                    Respectfully submitted,

By:      /s/ *Michael C. Fasano*
         MICHAEL C. FASANO
         Trial Counsel
         Florida Bar No. 98498
         FASANO LAW FIRM, PLLC
         Wells Fargo Center
         333 Southeast 2nd Avenue
         Suite 2000
         Miami, Florida 33131
         Tel: (786) 871-3327
         Fax: (305) 871-3301
         mfasano@fasanolawfirm.com

         *Counsel for Michael Blitzer*
         *Associates, Inc. d/b/a Blitzer,*
         *Clancy & Company*