UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL BLITZER ASSOCIATES, INC.,
d/b/a BLITZER, CLANCY & COMPANY,
a New York Corporation,

    Plaintiff,

v.

Case No. 8:16-cv-2769-JDW-AAS

ELUTIONS, INC., a Delaware Corporation,
et al.,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendants Elutions, Inc. ("Elutions") and Elutions Europe Holdings Limited ("Elutions Europe," and together with Elutions, the "Defendants") hereby move, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the complaint (the "Complaint" [Dkt. No. 1]) filed by plaintiff Michael Blitzer Associates, Inc., d/b/a Blitzer, Clancy & Company ("Blitzer" or "Plaintiff") for failure to state a claim upon which relief can be granted, and in support thereof state as follows.

### PRELIMINARY STATEMENT

This is a breach of contract action brought by Plaintiff consulting firm, alleging that Elutions, a company Plaintiff provided services to back in 2006, breached a Shareholder Agreement dated as of November 21, 2006 (the "Shareholder Agreement"), which was intended to compensate him for the services rendered. (Dkt. No. 1, ¶¶ 13-23; Dkt. No. 1-1). In particular, Plaintiff alleges that, contrary to the terms of the Shareholder Agreement, Defendants failed to provide him with 50 shares of Elutions Europe stock by November 29, 2006, and then this year, Defendants failed to buy back from Plaintiff the stock that he never received in the first instance.

(Dkt. No. 1, ¶¶ 19-23, 25-28; Dkt. No. 1-2; Dkt. No. 1-3, at 1-2). However, even accepting Plaintiff's factual allegations as true for purposes of this motion to dismiss only, it is apparent from the face of the Complaint and attached exhibits[1] that all of Plaintiff's claims are time-barred. Moreover, Plaintiff's claim for unjust enrichment is further barred by the existence of a written contract, and Plaintiff's claim for specific performance seeks to compel performance of an obligation that appears nowhere in the contract. For these reasons, all of Plaintiff's claims fail on the face of the Complaint, and the Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS

### I. The Shareholder Agreement

According to the Complaint, in 2006, Blitzer, a merger and acquisition consulting firm, advised Elutions on an acquisition, the terms of which were agreed on or about May 23, 2006 (the "Wizcon Transaction"). (Dkt. No. 1, ¶¶ 9-13; Dkt. No. 1-1, § 1(b); Dkt. No. 1-3, at 1 n.1). On November 21, 2006, as compensation for Blitzer's services, Elutions Europe, Elutions, and Blitzer entered into the Shareholder Agreement, which provided that Elutions would transfer to Blitzer 50 shares of Elutions Europe stock (the "Blitzer Shares") within eight business days. (Dkt. No. 1, ¶¶ 15-16; Dkt. No. 1-1, § 2(a)). The Shareholder Agreement provided that issuance of the Blitzer Shares would constitute "Blitzer's compensation for all services to [Defendants] through the date of this agreement." (Dkt. No. 1-1, § 1(c)). The Shareholder Agreement also stated that, "[i]n addition to any legends required by applicable law, the Blitzer Shares shall bear a statement that all transfers (including Involuntary Transfers) of the certificate are governed by this agreement." (Dkt. No. 1-1, § 3(e)).

---

[1] For purposes of this motion, the Court may consider documents attached to the Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Kinsey v. MLH Fin. Servs., Inc.*, 509 F. App'x 852, 853 (11th Cir. 2013) ("In resolving a motion to dismiss under Rule 12(b)(6), the court generally limits itself to a consideration of the pleadings and exhibits attached thereto.").

The Shareholder Agreement granted Blitzer a put option, which provided that on or after April 1, 2007, upon 30 days' notice, Blitzer could "compel Elutions to purchase or cause to be purchased all, or at a minimum 50%, of the outstanding Blitzer Shares" (the "Put Option") at a price equal to the greater of: "(i) $300,000 *plus* interest at 8% per annum . . ., or (ii) the book value of the Blitzer Shares as determined by the accountant regularly employed by [Elutions Europe], or, if there is none, an independent certified public accounting firm appointed by Elutions." (Dkt. No. 1, ¶ 17-18; Dkt. No. 1-1, §§ 5, 7). The Shareholder Agreement also contained a Florida choice-of-law provision. (Dkt. No. 1-1, § 10).

## II. The Allegations of the Complaint

According to the Complaint and accompanying exhibits, Defendants breached the Shareholder Agreement on November 29, 2006, when they failed to transfer to Blitzer the 50 shares owed. (Dkt. No. 1, ¶¶ 25-28; Dkt. No. 1-1, § 2(a); Dkt. No. 1-2, at 2). Subsequently, Defendants did not provide Blitzer with "financial reports, dividends, or any meaningful shareholder communications." (Dkt. No. 1, ¶ 19). "On several occasions," Blitzer asked about the Blitzer Shares, and his requests were "either ignored or refused." (*Id.*).

Nearly ten years later, on or about June 16, 2016, Blitzer sent Elutions a letter (attached as Exhibit B to the Complaint), purporting to give Elutions notice of Blitzer's intent to exercise the Put Option. (Dkt. No. 1-2). In that letter, Blitzer complained that it was never issued the Blitzer Shares, and "[b]ased upon Elutions['] failure to timely tender the Elutions Europe shares," requested that an independent public accountant determine the share value. (*Id.*)

## III. The Asserted Claims for Relief

The Complaint asserts the following three claims for relief.

First, in Count I, Plaintiff alleges that Defendants breached the Shareholder Agreement by failing to transfer the Blitzer Shares and then failing to repurchase them upon exercise of the

Put Option. (Dkt. No. 1, ¶¶ 24-29). Plaintiff asserts that he is entitled to damages of "not less than $670,000," which he asserts represents "$300,000 plus 8% interest compounded annually from the date of the Wizcon Transaction's Closing." (*Id.* ¶¶ 26, Count I Wherefore Paragraph).

Second, Plaintiff brings a claim for unjust enrichment, alleging that Plaintiff conferred a benefit upon Defendants by advising on the Wizcon Transaction, but then failed to receive any compensation. (Dkt. No. 1, ¶¶ 30-34). Plaintiff seeks the same money damages of "not less than $670,000" for this claim. (*Id.*, Count II Wherefore Paragraph).

Third, in Count III of the Complaint, Plaintiff seeks specific performance of Defendants' alleged obligation to "engage an independent public accounting firm mutually agreed upon by the parties to complete a valuation of Elutions Europe." (*Id.*, Count III Wherefore Paragraph).

## ARGUMENT

### Standard Of Review

A motion to dismiss should be granted where, as here, the Complaint fails to state a claim as a matter of law. *See* Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). A dismissal based on statute of limitations grounds is appropriate under Fed. R. Civ. P. 12(b)(6) "if it is apparent from the face of the complaint that the claim is time-barred." *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (internal citations and quotations omitted).

Here, it is apparent from the face of the pleading that all the claims are time-barred. In addition, Counts II and III fail to state a claim for the additional reasons, respectively, that the unjust enrichment claim is barred by the existence of the written contract, and a plaintiff cannot

force a defendant to specifically perform an obligation that does not exist in the contract. Accordingly, the Complaint should be dismissed with prejudice.

I.   **Plaintiff's Claims Are Time-Barred**

On its face, the Complaint alleges that Plaintiff performed services back in 2006 and that, as compensation for those services, Plaintiff and Defendants entered into a contract on November 21, 2006, pursuant to which Defendants were to transfer the Blitzer Shares to Plaintiff within eight business days. (Dkt. No. 1, ¶¶ 13-16; Dkt. No. 1-1, § 2(a); Dkt. No. 1-2; Dkt. No. 1-3, at 1). However, Defendants never transferred the Blitzer Shares and, as a result, Plaintiff never received compensation. Because all of Plaintiff's claims accrued back in 2006 when Plaintiff performed the services and the Shareholder Agreement was allegedly breached by non-delivery of the shares, and all of Plaintiff's claims have statutes of limitations of five years or less, Plaintiff's claims are time-barred and should be dismissed.

   A.   **Breach of Contract (Count I)**

Under Florida law, the statute of limitations for the claim of a breach of a written contract is five years. *See* Fla. Stat. § 95.11(2)(b) (2016). That five-year period begins to run and a breach of contract cause of action accrues "when the last element constituting a cause of action occurs." *Id.* § 95.031(1). The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages. *See Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999). In contract actions, the breach and damages elements occur simultaneously, as the breach immediately entitles the non-breaching party to at least nominal damages. *See Medical Jet, S.A., v. Signature Flight Support-Palm Beach, Inc.*, 941 So. 2d 576 (Fla. 4th DCA 2006); *Muroff v. Dill*, 386 So. 2d 1281, 1283 (Fla. 4th DCA 1980).

According to the Complaint and attached exhibits, Elutions breached the Shareholder Agreement and Blitzer's alleged damages accrued, at the latest, on December 1, 2006, eight

business days after execution of the Shareholder Agreement, when Elutions did not transfer the Blitzer Shares. (Dkt. No. 1, ¶¶ 19, 25, 28; Dkt. No. 1-1, Section 2(a)). Indeed, Blitzer itself, in a letter dated June 16, 2016 (attached as Exhibit B to the Complaint), alleged that the shares were due to be transferred on November 29, 2006 (apparently counting calendar days rather than business days), but were never transferred. (Dkt. No. 1-2). Therefore, any breach of contract claim had to have been brought by November 30, 2011, five years after the alleged breach on December 1, 2006. Plaintiff's breach of contract claim is time-barred.

Although Plaintiff will presumably argue that the failure to honor the Put Option occurred within the limitations period, "a subsequent breach or a series of breaches does not give rise to a new or indefinite limitations period." *Servicios de Almacen Fiscal Zona Y Mandatos S.A. v. Ryder Int'l*, No. 06-22774-CIV-HUCK/SIMONTON, 2007 WL 628133, at *3 (S.D. Fla. Feb. 26, 2007) (dismissing breach of contract claim as time-barred, because contract's first breach occurred more than five years before suit was filed), *aff'd*, 264 Fed. App'x 878, 881 (11th Cir. 2008) (per curiam) (date of accrual of breach of contract claim "is the date of the first breach"); *see also Korman v. Iglesias*, 825 F. Supp. 1010, 1017 (S.D. Fla. 1993) (plaintiff's claim for failure to pay royalties was time-barred, because first failure to pay was outside of statute of limitations even if later non-payments were within limitations period), *aff'd*, 43 F.3d 678 (11th Cir. 1994). Moreover, Plaintiff could not have expected to sell shares to Defendants that Plaintiff himself did not own due to the earlier breach. Accordingly, the breach of contract claim accrued upon non-delivery of the shares nearly ten years ago, and the claim is time-barred.

B. <u>Unjust Enrichment (Count II)</u>

Under Florida law, the statute of limitations for unjust enrichment claims is four years. *See* Fla. Stat. § 95.11(3)(k) (four-year statute of limitations for "legal or equitable action on a

contract, obligation, or liability not founded on a written instrument"). That four-year period begins to run upon the "occurrence of the event that created the uncompensated benefit in the defendant, i.e., [when] the plaintiff performed the labor that benefitted the defendant or the defendant obtained the subject property or goods." *Beltran v. Miraglia*, 125 So. 3d 855, 859 (Fla. 4th DCA 2013); *Kaye v. Ingenio, Filliale De Loto-Quebec, Inc.*, No. 13-61687-CIV, 2014 WL 2215779, at *9 (S.D. Fla. May 20, 2014) (dismissing unjust enrichment claim when benefit conferred on plaintiff was more than four years before plaintiff filed complaint).

In the Complaint, Plaintiff alleges that "[i]n early 2006, Blitzer advised eLutions and Elutions Europe on the acquisition . . . of Supervisor Holdings, Ltd. . . . The parties agreed to the terms of a merger on or about May 23, 2006." (Dkt. No. 1, ¶ 13; *see also* Dkt. No. 1-1, Section 1(b); Dkt. No. 1-2, n.1). Moreover, the contract itself recognized that all the services performed predated the contract date of November 21, 2006. (Dkt. No. 1-1, Section 1(b)-(c)). Thus, Blitzer "performed the labor that benefitted" Elutions and for which it did not receive compensation in 2006. Any unjust enrichment claim expired four years later, in 2010.

### C. Specific Performance (Count III)

Under Florida law, the statute of limitations for specific performance claims is one year. *See* Fla. Stat. § 95.11(5)(a); *see also Melbourne Ocean Club Condo. v. Elledge*, 71 So. 3d 144, 146 (Fla. 5th DCA 2011) (where plaintiff sought to enforce affirmative contractual obligation, equitable remedy was specific performance and one-year statute of limitations applied). A claim for specific performance of a contract accrues when the contract is breached. *See City of Orlando v. Williams*, 493 So.2d 15, 16 (Fla. 5th DCA 1986) ("[T]he statute of limitations starts running when there has been notice of an invasion of plaintiff's legal rights or notice of plaintiff's right to a cause of action."). Because, according to the Complaint and accompanying exhibits, the alleged breach of the Shareholder Agreement occurred on December 1, 2006 (*see*

*supra* Section I.A), the statute of limitations for Plaintiff's specific performance claim expired on November 30, 2007. Plaintiff's specific performance claim should be dismissed.

\* \* \*

The Complaint concerns Plaintiff's claims for compensation for services performed in 2006 and for fulfillment of a written contract allegedly breached in 2006. Given the applicable statutes of limitations for the claims alleged (*i.e.*, five years for breach of a written contract, four years for unjust enrichment, and one year for specific performance), it is apparent from the face of the pleading that all of Plaintiff's claims are time-barred.

II. **Plaintiff's Unjust Enrichment Claim Should Be Dismissed For The Additional Reason That There Was A Written <u>Contract Governing The Compensation Plaintiff Was To Receive</u>**

Under well-settled Florida law, because unjust enrichment is a quasi-contractual remedy that implies a contract as a matter of law, unjust enrichment claims are not viable where an express contract exists. *See Lewis v. Seneff*, 654 F. Supp. 2d 1349, 1370 (M.D. Fla. 2009) ("Because the consideration Plaintiffs received was the subject of a written merger agreement, the unjust enrichment claim must be dismissed."); *Taylor, Bean & Whitaker Mortg. Corp. v. GMAC Mortg. Corp.*, No. 5:05-CV-260-Oc-10(GRJ), 2006 WL 4990903, at \*7 (M.D. Fla. June 15, 2006) (unjust enrichment claim dismissed where plaintiff had not "suggested nor alleged that the [written contract] is invalid or unenforceable").

In Paragraphs 15-18, 25-29, and 36-38 of the Complaint, Blitzer pleads the existence of the Shareholder Agreement that was to govern the compensation for the services rendered, and the Shareholder Agreement is attached to the Complaint. (Dkt. No. 1-1). Blitzer's unjust enrichment claim (Paragraphs 31-34 of the Complaint) mirrors its breach of contract claim and seeks the same damages. Because an express contract covered the same subject matter,

Plaintiff's unjust enrichment claim would be subject to dismissal on this additional ground even were it not time-barred.

### III. Plaintiff's Specific Performance Claim Should Be Dismissed For The Additional Reason That It Seeks Performance Of An Obligation Not In The Written Contract

Specific performance is an equitable remedy in which a party can be ordered to perform its contractual obligations in situations in which money damages are inadequate. *See George Vining & Sons, Inc. v. Jones*, 498 So. 2d 695, 697 (Fla. 5th DCA 1986); *see also W. Sur. Co. v. Merkury Corp.*, No. 12-22938-CIV-ZLOCH/OTAZO-REYES, 2013 WL 12092472, at *2 (S.D. Fla. June 17, 2013) (citing *Castigliano v. O'Connor*, 911 So. 2d 145, 148 (Fla. 3d DCA 2005)). Specific performance is not available to compel performance an obligation that was never promised in the first instance. *See Edlund v. Seagull Townhomes Condo. Ass'n*, 928 So. 2d 405, 407 (Fla. 3d DCA 2006) ("Courts have no authority to make new or different contracts for the parties and may only compel performance of a contract in the precise terms agreed upon by them.") (citing *Giehler v. Ward*, 77 So.2d 452, 453 (Fla. 1955) ("[O]ne of the most firmly established principles of the law of specific performance is that the court will not make a new or different contract for the parties . . . it will compel the performance of a contract only in the precise terms agreed upon by the parties themselves.")); *see also Anthony James Dev., Inc. v. Balboa St. Beach Club, Inc.*, 875 So. 2d 696, 698 (Fla. 4th DCA 2004) ("The purpose of specific performance is to compel a party to do what it agreed to do pursuant to a contract.").

Here, Count III of the Complaint seeks to compel Elutions "to engage an independent public accounting firm mutually agreed upon by the parties to complete a valuation of Elutions Europe." (Dkt. No. 1, Count III Wherefore Paragraph). However, nowhere is such an obligation found in the contract. Rather, the Shareholder Agreement provides that, if there were a valid exercise of the Put Option, the purchase price to be paid would be the greater of: "(i) $300,000

*plus* interest at 8% per annum . . . , or (ii) the book value of the Blitzer Shares as determined by the accountant regularly employed by the Company or, if there is none, an independent certified public accounting firm appointed by Elutions." (Dkt. No. 1-01, § 7). Thus, even were there a valid exercise of the Put Option, Elutions is not obligated "to engage an independent public accounting firm mutually agreed upon by the parties," but rather could rely upon its regularly employed accountant or an accounting firm of its own choosing. As such, Elutions should not be ordered to specifically perform an obligation that is not required by the contract. Therefore, Plaintiff's specific performance claim should be dismissed for this reason as well, in addition to its being time-barred.

## CONCLUSION

For the foregoing reasons, Elutions respectfully requests that this Court enter an order dismissing the Complaint with prejudice.

**DATED** this 10th day of November, 2016

/s/ *Dennis P. Waggoner*
Dennis P. Waggoner
Florida Bar No. 5094263
dennis.waggoner@hwhlaw.com
Hill, Ward & Henderson, P.A.
101 E. Kennedy Blvd., Suite 3700
Tampa, Florida 33602
Telephone:  813.221.3900
Facsimile:  813.221.2900

Theresa A. Foudy (*pro hac vice* admission pending)
tfoudy@curtis.com
Nicole M. Mazanitis (*pro hac vice* admission pending)
nmazanitis@curtis.com
CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061
Telephone: 212.696.6000
Facsimile: 212.697.1559

*Attorneys for Defendants Elutions, Inc. and Elutions Europe Holdings Limited*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on November 10, 2016, on all counsel or parties of record.

/s/ *Dennis P. Waggoner*
Dennis P. Waggoner