**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO.: 8:16-cv-2769-JDW-AAS**

Michael Blitzer Associates, Inc., d/b/a
Blitzer, Clancy & Company,
a New York Corporation,

Plaintiff,   **COMPLAINT AND DEMAND**
             **FOR SPECIFIC PERFORMANCE**

v.

eLutions, Inc., a Delaware Corporation,
and Elutions Europe Holdings Limited,
an English Limited Company,

Defendants.
_____/

**AMENDED COMPLAINT**

Michael Blitzer Associates, Inc., doing business as Blitzer, Clancy & Company ("Blitzer"), by and through its undersigned counsel, and for its Amended Complaint against the Defendants, eLutions, Inc. ("eLutions") and Elutions Europe Holdings Limited ("eLutions Europe") (collectively the "Defendants"), hereby states as follows:

**PARTIES**

1.  The Plaintiff, Blitzer, is a merger and acquisition consulting firm incorporated under the laws of the State of New York with its principal place of business at 120 East 56th Street, New York, New York 10022.

2.  Defendant, eLutions, Inc., is a Delaware corporation with its principal place of business at 601 East Twiggs Street, Tampa, Florida 33602.

1

3. Defendant Elutions Europe Holdings Limited ("Elutions Europe"), is a limited company incorporated under the laws of England and Wales. Upon information and belief, Elutions Europe's principal office is in London, England.

## JURISDICTION AND VENUE

4. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. The Court has personal jurisdiction because the Defendants breached a contract within the State of Florida, regularly conduct business within the State of Florida, and because, pursuant to the contract at issue, dated November 21, 2006, the parties have consented to jurisdiction and venue in this Judicial District.

6. Pursuant to 28 U.S.C. § 1391, venue is proper in this Judicial District because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District. Additionally, the Defendants have agreed, pursuant to the contract at issue, dated November 21, 2006, that venue in this Judicial District is proper.

7. All conditions precedent have occurred, been performed or have otherwise been waived.

8. Blitzer has retained the undersigned law firm to prosecute this action and has agreed to pay the law firm a reasonable fee for its services, plus out of pocket expenses.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Blitzer is a New York merger and acquisition consulting firm that has been doing business for forty (40) years.

10. eLutions is a Tampa-based company that creates and distributes business optimization software for companies throughout the world. eLutions' founder, Chairman, and Chief Executive Officer is William Doucas. Doucas manages all aspects of eLutions and guides the company's strategic growth.

11. In 2006, eLutions embarked on an international expansion of its company to Europe.

12. With the assistance of Blitzer, eLutions created Elutions Europe, originally based in Lyon, France (now organized under the law of England and Wales), with the purpose of using that entity to develop business within Europe and potentially to acquire other optimization software companies. Upon information and belief, eLutions owns 100% of Elutions Europe's stock (1000 total shares).

13. In early 2006, Blitzer advised eLutions and Elutions Europe on the acquisition (the "Wizcon Transaction") of Supervisor Holdings, Ltd. ("Supervisor Holdings"), a company based in Israel. Supervisor Holdings was the parent company of Wizcon Systems ("Wizcon"), an enterprise optimization company with operations in Europe and Israel. The parties agreed to the terms of a merger on or about May 23, 2006.

14. On November 21, 2006, eLutions and Elutions Europe entered into an agreement with Blitzer for compensation related to the Wizcon Transaction (the "Agreement"). A true and correct copy of the Agreement is attached as **Exhibit A**.

15. The Agreement provided that, in exchange for Blitzer's services related to the Wizcon Transaction, eLutions would transfer it fifty (50) shares of Elutions Europe stock, which, at the time of the agreement, represented 5% of Elutions Europe's total stock.

16. The Agreement also gave Blitzer a put option giving him the right to demand that eLutions purchase all of Blitzer's Elutions Europe stock any time after April 1, 2007, upon thirty-days' notice.

17. The Agreement stated that upon exercise of the put option Blitzer's shares would be valued at the greater of:

> (1) $300,000 plus interest at 8% per annum compounded annually from the "date of Closing"[1]; or
>
> (2) the book value of the Blitzer shares as determined by the accountant regularly employed by Elutions Europe or, if there is none, an independent certified public accounting firm appointed by eLutions.

18. Upon information and belief, eLutions transferred ownership of 50 shares of Elutions Europe stock to Blitzer within eight (8) business days following the execution of the Agreement. While ownership of the stock was transferred, physical share certificates were not delivered to Blitzer at that time.

19. Immediately following the execution of the Agreement, Blitzer, eLutions, and Elutions Europe began working together to build Elutions Europe into a major profit center for eLutions. Specifically, Blitzer's principal, Michael Blitzer, began working closely with eLutions CEO William Doucas on a wide variety of matters for Elutions Europe, including financing, advising on other potential business combinations, and resolving issues with Elutions Europe executive employees.

---

[1] The Agreement appears to be unclear as to the meaning of the "date of Closing." Blitzer maintains that a reasonable reading of the Agreement puts the date of closing at May 23, 2006, the date of the share purchase agreement between eLutions and ITA Holdings, Inc. memorializing the Wizcon Transaction.

20. Notably, Blitzer did not seek, and eLutions did not offer, additional compensation for any of these services (offered almost continuously over a period of ten (10) years) because it was unquestionably understood that Blitzer was a shareholder in Elutions Europe with a vested interest in the company's continued success.

21. Moreover, Doucas included Blitzer in discussions regarding the payment of dividends to Elutions Europe shareholders. In these discussions, Doucas represented that Blitzer was entitled to receive Elutions Europe dividends as a shareholder.

22. Doucas would also often tell Michael Blitzer that he had plans to either take eLutions public or sell eLutions to a large strategic buyer and that Blitzer's stock in Elutions Europe would become worth a significant amount of money.

23. Blitzer's relationship with eLutions and Elutions Europe continued from 2006 through 2016.

24. On or about June 14, 2016, Blitzer informed eLutions and Elutions Europe by letter of its intention to exercise its put option. A true and correct copy of Blitzer's letter to eLutions is attached as **Exhibit B**.

25. The purpose of Blitzer's letter, in addition to informing eLutions and Elutions Europe of its intention to exercise its put option, was to request physical documentation relating to Blitzer's Elutions Europe shares. At that time, Blitzer's ownership of 50 shares of Elutions Europe stock remained unquestioned and undisputed by the parties.

26. Michael Blitzer, subsequently met with Doucas in New York in July 2016. At that meeting, Doucas confirmed that he owed Blitzer money relating to its work on the

Wizcon Transaction and the establishment of Elutions Europe and said that he would work it out with Blitzer. Since that time, the parties have been unable to reach a resolution.

27. After that meeting, Doucas texted Blitzer regarding a potential resolution. At no point during those discussions did Doucas indicate that Blitzer was not a shareholder in Elutions Europe or that he owed Blitzer nothing because Blitzer never became an owner in Elutions Europe.

28. On or about August 16, 2016, Blitzer's counsel wrote eLutions and Elutions Europe requesting Elutions Europe's corporate records so that it could perform its own valuation. The letter also requested that Elutions Europe provide its own corporate valuation as required under the Agreement. A true and correct copy of counsel's letter is attached as **Exhibit C**.

29. To date, neither eLutions nor Elutions Europe has provided valuation information to Blitzer.

**COUNT I—BREACH OF CONTRACT**
**(Against eLutions and Elutions Europe)**

30. Blitzer reincorporates paragraphs 9 through 29 as if stated fully forth herein.

31. On or about November 21, 2006, eLutions, Elutions Europe, and Blitzer entered into an Agreement, whereby eLutions would transfer 50 shares of Elutions Europe stock (which represented 5% of Elutions Europe's total shares) to Blitzer as compensation for advising on the Wizcon Transaction.

32. Additionally, eLutions agreed that after April 1, 2007, and upon 30-days-notice from Blitzer, eLutions and Elutions Europe would take the following actions:

- Elutions Europe's regularly employed accountant *or*, if there is

6

        none, an independent certified public accounting firm appointed by eLutions would value Blitzer's shares of Elutions Europe Stock; and

- eLutions would purchase Blitzer's shares for *the greater of*: (1) $300,000 plus 8% interest compounded annually from the date of the Wizcon Transaction's closing; or (2) the book value of Blitzer's Elutions Europe shares as determined by the method above.

33. eLutions and Elutions Europe had a duty to use good faith and fair dealing in performing its duties under the Agreement.

34. eLutions and Elutions Europe breached the Agreement by failing to honor Blitzer's put option after a proper 30-day demand by Blitzer.

35. eLutions' and Elutions Europe's breach has caused damages to Blitzer in an amount to be determined at trial.

**WHEREFORE**, the Plaintiff, Blitzer, Clancy & Company, respectfully requests that this Court take jurisdiction over this Count I, and enter judgment in its favor for compensatory damages in an amount not less than $670,000, pre-judgment and post-judgment interest, and for such other relief as the Court deems equitable and just.

**COUNT II—UNJUST ENRICHMENT**
**(Against eLutions and Elutions Europe)**

36. Blitzer reincorporates paragraphs 9 through 29 as if stated fully forth herein.

37. In 2006, Blitzer conferred a benefit on eLutions and Elutions Europe by advising on the Wizcon Transaction, which, upon information and belief, provided eLutions with a platform to grow its business into a very successful global company.

38. Thereafter, Blitzer continued to advise eLutions and Elutions Europe for a period of ten (10) years in an effort to build Elutions Europe into a major profit center for both the benefit of eLutions and Blitzer, as a shareholder of Elutions Europe.

39. eLutions and Elutions Europe had knowledge of this benefit.

40. eLutions and Elutions Europe have retained the benefit of Blitzer's services, yet eLutions has failed to compensate Blitzer for any of its services.

41. It would be inequitable for eLutions and Elutions Europe to retain the benefit of Blitzer's services without providing them with compensation.

**WHEREFORE**, the Plaintiff, Blitzer, Clancy & Company, respectfully requests that this Court take jurisdiction over this Count II, and enter judgment in its favor for compensatory damages in an amount not less than $670,000, pre-judgment and post-judgment interest, and for such other relief as the Court deems equitable and just.

### COUNT III—SPECIFIC PERFORMANCE
**(Against eLutions and Elutions Europe)**

42. Blitzer reincorporates paragraphs 9 through 29 as if stated fully forth herein.

43. On or about November 21, 2006, eLutions, Elutions Europe, and Blitzer entered into an Agreement, whereby eLutions would transfer 50 shares of Elutions Europe stock (which represented 5% of Elutions Europe's total shares) to Blitzer as compensation for advising on the Wizcon Transaction.

44. Additionally, eLutions agreed that after April 1, 2007, and upon 30-days-notice from Blitzer, eLutions and Elutions Europe would take the following actions:

- Elutions Europe's regularly employed accountant *or*, if there is none, an independent certified public accounting firm appointed by eLutions would value Blitzer's shares of Elutions Europe Stock; and

- eLutions would purchase Blitzer's shares for *the greater of*: (1) $300,000 plus 8% interest compounded annually from the date of the Wizcon Transaction's closing; or (2) the book value of Blitzer's Elutions Europe shares as determined by the method above.

45. eLutions and Elutions Europe had a duty to use good faith and fair dealing in performing its duties under the Agreement.

46. Blitzer completed its engagement on the Wizcon Transaction in 2006, and, on June 14, 2016, exercised its put option in accordance with the Agreement between the parties.

47. eLutions and Elutions Europe have refused to provide a valuation of Blitzer's shares in Elutions Europe, preventing Blitzer from exercising its put option.

48. There is no adequate remedy at law for Blitzer because without a valuation of Elutions Europe and Blitzer's shares, Blitzer has no idea how it is to be appropriately compensated under the terms of the Agreement.

**WHEREFORE**, the Plaintiff, Blitzer, Clancy & Company, respectfully requests that this Court take jurisdiction over this Count III, and enter judgment in its favor requiring eLutions and Elutions Europe to provide a valuation of Blitzer's shares in accordance with

the terms of the Agreement, and all other relief the Court deems equitable and just.

Dated: November 28, 2016  Respectfully submitted,

By: ___/s/ *Michael C. Fasano*
    MICHAEL C. FASANO
    Trial Counsel
    Florida Bar No. 98498
    FASANO LAW FIRM, PLLC
    Wells Fargo Center
    333 Southeast 2nd Avenue
    Suite 2000
    Miami, Florida 33131
    Tel: (786) 871-3327
    Fax: (305) 871-3301
    mfasano@fasanolawfirm.com

    *Counsel for Michael Blitzer Associates, Inc. d/b/a Blitzer, Clancy & Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 28th day of November 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record.

    /s/ *Michael C. Fasano*_____
    MICHAEL C. FASANO